**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES KELLOGG,**

                 **Plaintiff,**

                 v.

**COMMISSIONER OF SOCIAL SECURITY,**

                 **Defendant.**
_____

**6:15-cv-471
(GLS)**

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:**<br>Law Offices of Steven R. Dolson<br>126 North Salina Street, Suite 3B<br>Syracuse, NY 13202 | STEVEN R. DOLSON, ESQ. |
| **FOR THE DEFENDANTS:**<br>HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261<br><br>Steven P. Conte<br>Regional Chief Counsel<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | SANDRA M. GROSSFELD<br>Special Assistant U.S. Attorney |

**Gary L. Sharpe
Senior District Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. Introduction**

Plaintiff James Kellogg challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. § 405(g).[1] (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Kellogg's arguments, the Commissioner's decision is affirmed and the complaint is dismissed.

**II. Background**

On December 29, 2011, Kellogg filed applications for DIB and SSI under the Social Security Act ("the Act"), alleging an onset date of December 26, 2011. (Tr.[2] at 115-126.) After his applications were denied, (*id.* at 69-74), Kellogg requested a hearing before an Administrative Law Judge (ALJ), (*id.* at 77-79), which was held on May 31, 2013, (*id.* at 28-55). On December 23, 2013, the ALJ issued an unfavorable decision finding Kellogg not disabled and denying the requested benefits, (*id.* at 10-27),

---

[1] 42 U.S.C. § 1383(c)(3) renders section 405(g) applicable to judicial review of SSI claims. As review under both sections is identical, parallel citations to the regulations governing SSI are omitted.

[2] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 8.)

2

which became the Commissioner's final determination upon the Appeals Council's denial of review, (*id.* at 1-6).

Kellogg commenced this action by filing his complaint on April 20, 2015 wherein he sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 7, 8.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 10, 14.)

### III.  Contentions

Kellogg contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (Dkt. No. 10 at 2-5.) Kellogg's sole argument is that the ALJ erred because she did not seek the testimony of a vocational expert to determine whether a significant number of jobs exist in the economy that Kellogg could obtain and perform despite his vision impairment. (*Id.*) The Commissioner responds that the ALJ's decision was supported by substantial evidence and that she properly relied on the Medical-Vocational Guidelines to support her finding. (Dkt. No. 14 at 6-10.)

### IV.  Facts

The court adopts the undisputed factual recitations of the parties and

3

the ALJ. (Dkt. No. 10 at 1-2; Dkt. No. 14 at 1; Tr. at 15-22.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-3 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Vocational Expert Testimony

At step five of the sequential analysis, the burden shifts to the Commissioner to produce evidence that an alternative job exists which Kellogg is capable of performing. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998); *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983); *see also* 20 C.F.R. § 404.1560(c)(2). To that end, the Commissioner must show a job existing in significant numbers in the national economy that Kellogg could perform based on his residual functional capacity (RFC), age, education, and prior vocational experience.

*See* 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1560(c)(2).

In making a step five ruling, an ALJ may rely on the Medical–Vocational Guidelines found in 20 C.F.R. pt. 404, subpt. P, app. 2, as long as the claimant's age, education, work experience, and RFC coincide with the criteria of a rule contained in those Guidelines. *See* 20 C.F.R. § 404.1569; *see also Calabrese v. Astrue*, 358 F. App'x 274, 275 n.1 (2d Cir. 2009). However, when the claimant's nonexertional impairments[3] "significantly limit the range of work permitted by his exertional limitations," the Commissioner "must introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which [the] claimant can obtain and perform." *Bapp v. Bowen*, 802 F.2d 601, 603, 605 (2d Cir. 1986) (internal quotation marks and citation omitted); *see also Zabala v. Astrue*, 595 F.3d 402, 410-11 (2d Cir. 2010). "A nonexertional impairment significantly limits [the] claimant's range of work when it causes an additional loss of work capacity beyond a negligible one or, in other words, one that so narrows [the] claimant's possible range of work as to deprive him of a meaningful employment

---

[3] Nonexertional impairments are "[l]imitations or restrictions which affect [the claimant's] ability to meet the demands of the jobs other than the strength demands." 20 C.F.R. § 404.1569a(a).

5

opportunity." *Zabala*, 595 F.3d at 410-11 (internal quotation marks and citation omitted). However, "the mere existence of a nonexertional impairment does not automatically require the production of a vocational expert nor preclude reliance on the guidelines." *Bapp*, 802 F.2d at 603.

Here, the ALJ found that conditions resulting from Kellogg's loss of his left eye were nonexertional impairments. (Tr. at 20-21.) Based on these impairments as well as others, the ALJ determined that Kellogg had the RFC to perform sedentary work with limitations to avoid unprotected heights, climbing ladders, and moving machinery because of his lack of depth perception. (*Id.* at 18.) However, the ALJ determined that these limitations had little to no effect on the occupational base, and, thus, were not significantly limiting. (*Id.* at 21-22.) Therefore, the ALJ did not call upon a vocational expert and instead relied on the Guidelines for her finding of no disability. (*Id.* at 21.)

Kellogg challenges the ALJ's failure to use a vocational expert to determine whether there were significant jobs in the economy that he could perform. (Dkt. No. 10 at 3-5.) Kellogg contends that his visual impairment significantly diminished his ability to work because he was not able to perform the full range of sedentary work. (*Id.* at 4.) The testimony of a

6

vocational expert is not needed if the additional limitations on the claimant's RFC would have little to no effect on the occupational base. *See Zabala*, 595 F.3d at 410; *Stevenson v. Colvin*, No. 1:13-CV-1177, 2015 WL 1246033, at *3 (N.D.N.Y. Mar. 18, 2015). The ALJ correctly recognized that Kellogg's additional limitations, which prevented him from climbing ladders or moving machinery, "would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." SSR 96-9p, 61 Fed. Red. 34,478, 34,482 (July 2, 1996); (Tr. at 22.) For this reason, the ALJ did not need to hear testimony from a vocational expert to make her disability finding at step five of the sequential analysis and did not err by instead relying on the Guidelines. *See Zabala*, 595 F.3d at 410; *Bapp*, 802 F.2d at 603, 605.

## B. <u>Remaining Findings and Conclusions</u>

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Kellogg's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 1, 2016
Albany, New York

_Gary L. Sharpe_
Gary D. Sharpe
U.S. District Judge